UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IN RE MALIBU MEDIA COPYRIGHT
INFRINGEMENT CASES

ORDER
18-CV-5131 (JMA)(SIL)
18-CV-5150 (JS)(SIL)
18-CV-5152 (JFB)(SIL)
18-CV-5153 (JMA)(SIL)
18-CV-5154 (DRH)(SIL)
18-CV-5155 (JFB)(SIL)
18-CV-5156 (JMA)(SIL)
18-CV-5157 (JFB)(SIL)
18-CV-5158 (SJF)(SIL)
18-CV-5159 (JFB)(SIL)
18-CV-5160 (JS)(SIL)

-----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

These copyright infringement actions were commenced by Plaintiff Malibu Media, LLC ("Plaintiff" or "Malibu Media") against various unnamed defendants (the "Doe Defendant(s)"), who have as yet only been identified by Internet Protocol ("IP") addresses allegedly associated with them. Presently before the Court in each such case is a motion for expedited discovery under Rule 26(d)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), seeking permission to serve a subpoena upon the Doe Defendant's Internet Service Provider ("ISP") in order to obtain the Doe Defendant's true identity.

On September 28, 2015, a Doe Defendant in the action styled *Malibu Media, LLC v. John Doe*, No. 15-cv-3504 (JFB)(SIL), filed a motion to quash a subpoena Malibu Media served on that Doe Defendant's ISP that is analogous to the subpoenas Plaintiff currently seeks leave to serve in the above-referenced cases. *Compare, e.g.,*

1

Motion to Quash Subpoena and Motion for a Protective Order by Defendant John Doe, *Malibu Media, LLC v. John Doe*, No. 15-cv-3504 (JFB)(SIL), Docket Entry ("DE") [10], *with* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, *Malibu Media, LLC v. John Doe*, No. 18-cv-5131 (JMA)(SIL), DE [6].  For the reasons set forth more fully in the Court's August 23, 2016 Memorandum and Order in *Malibu Media, LLC v. John Doe*, No. 15-cv-3504 (JFB)(SIL), the Court concludes that good cause exists to allow for the expedited discovery provided for in the July 29, 2015 Discovery Order in that matter.  *See id.*, DE [9]; *id.*, 2016 WL 4444799 (E.D.N.Y. Aug. 23, 2016).  Accordingly:

      **IT IS ORDERED** that Malibu Media may immediately serve a subpoena in compliance with Fed. R. Civ. P. 45 (the "Subpoena(s)") on the ISP specifically identified in the Complaint in each above-captioned matter, to obtain **only** the name and address of the internet subscriber(s) associated with the IP address also identified therein.  Under no circumstances is Malibu Media permitted to seek or obtain any Doe Defendant's phone number or email address, or to seek or obtain information about potential defendants other than those whose IP address is specifically identified in each Complaint, without a further Court order.  Each such Subpoena shall have a copy of this Order attached; and

      **IT IS FURTHER ORDERED** that, upon receiving a Subpoena, the ISP shall use reasonable efforts to identify the internet subscriber(s) associated with the referenced IP address, but **shall not** immediately disclose such information to Malibu Media.  Rather, within 60 days of receiving a Subpoena, the ISP shall serve a copy thereof, together with a copy of this Order, upon the subscriber(s) it determines to be associated with the implicated IP address.  This measure is appropriate to place the subscriber(s) on fair notice of Malibu Media's efforts to obtain his or her identifying information, and his or her right to contest the Subpoena or litigate it anonymously.  In this regard, service by the ISPs upon any of the Doe Defendants may be made using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class or overnight mail; and

**IT IS FURTHER ORDERED** that a Doe Defendant who receives a copy of the Subpoena and this Order will have a period of 60 days to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the Subpoena), as well as any request to litigate the Subpoena anonymously.  **The ISP may not disclose any Doe Defendant's identifying information to Malibu Media, or its employees or agents, at any time before the expiration of the 60-day period.**  Additionally, if a Doe Defendant or ISP files a motion to quash the Subpoena, the ISP **may not** turn over any information to Malibu Media, or its employees or agents, until the issues set forth in the motion have been addressed and the Court issues an Order instructing the ISP to resume in turning over the requested discovery; and

**IT IS FURTHER ORDERED** that if the 60-day period within which a Doe Defendant may contest or otherwise move with respect to a Subpoena lapses without such action, the ISP will have a period of 10 days to produce the information responsive to the Subpoena to Malibu Media or file its own motion to quash if it so chooses.  In the event a Doe Defendant moves to quash or modify a Subpoena, or to proceed anonymously, he or she shall at the same time as his or her filing also notify the ISP so that the ISP is on notice not to release the Doe Defendant's contact information to Malibu Media, or its employees or agents, until the Court rules on any such motion; and

**IT IS FURTHER ORDERED** that an ISP receiving a Subpoena shall confer with Malibu Media and shall not assess any charge in advance of providing the information requested therein.  If an ISP elects to charge for the costs of production, it shall provide a billing summary and cost report to Malibu Media; and

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Malibu Media in response to the Subpoena may be used by Malibu Media solely for the purpose of protecting its rights as set forth in each Complaint; and

**IT IS FURTHER ORDERED** that until such further Order of the Court, each case identified in the caption above shall be litigated in the name of a "John Doe" defendant, regardless of what information is ultimately disclosed pursuant to the Subpoena.

Dated: Central Islip, New York
November 9, 2018 **SO ORDERED:**

<u>s/ Steven I. Locke</u>
STEVEN I. LOCKE
United States Magistrate Judge

4