Docket No: 2:18-cv-05152 (ENV)(ST)

RD 11/7/19

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

NOV 05 2019 ★

LONG ISLAND OFFICE

# United States District Court
## Eastern District of New York

MALIBU MEDIA, LLC

*Plaintiffs*

–v–

JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 173.56.118.179,

*Defendants,*

## ANSWER TO COMPLAINT

VINCENT GRANDE III
*Attorney for Defendants*
Office & P.O. Address
207 Mariners Way
Copaigue NY 11726
Phone: (631) 830-0878  516-526-3288
Email: vince3rd@aol.com

## DEFENDANT'S ANSWER

Defendants JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 173.56.118.179, [Redacted] ("Defendant" or "Defendants") by and through their attorneys, Vincent Grande III, as an for their answer to the Complaint respectfully set forth, upon information and belief, as follows:

### Introduction

1. Deny the allegations contained in the paragraph designated as "1" of the Complaint.

2. Deny the allegations contained in the paragraph designated as "2" of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "3" of the Complaint.

### Jurisdiction and Venue

4. Deny the allegations contained in the paragraph designated as "4" of the Complaint.

5. Deny the allegations contained in the paragraph designated as "5" of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "6" of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "7" of the Complaint.

## Parties

8. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "8" of the Complaint.

9. Deny the allegations contained in the paragraph designated as "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "10" of the Complaint.

11. Deny the allegations contained in the paragraph designated as "11" of the Complaint.

12. Deny the allegations contained in the paragraph designated as "12" of the Complaint.

13. Deny the allegations contained in the paragraph designated as "13" of the Complaint.

14. Deny the allegations contained in the paragraph designated as "14" of the Complaint.

15. Deny the allegations contained in the paragraph designated as "15" of the Complaint.

16. Deny the allegations contained in the paragraph designated as "16" of the Complaint.

17. Deny the allegations contained in the paragraph designated as "17" of the Complaint.

18. Deny the allegations contained in the paragraph designated as "18" of the Complaint.

19. Deny the allegations contained in the paragraph designated as "19" of the Complaint.

20. Deny the allegations contained in the paragraph designated as "20" of the Complaint except admit that Carlos Paredes is a resident of the State of New York.

21. Deny the allegations contained in the paragraph designated as "21" of the Complaint.

22. Deny the allegations contained in the paragraph designated as "22" of the Complaint.

23. Deny the allegations contained in the paragraph designated as "23" of the Complaint.

24. Deny the allegations contained in the paragraph designated as "24" of the Complaint.

25. Deny the allegations contained in the paragraph designated as "25" of the Complaint.

26. Deny the allegations contained in the paragraph designated as "26" of the Complaint.

## COUNT I
## Direct Infringement Against Defendant

27. Affirm the denial of the allegations contained in the paragraph designated as "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "28" of the Complaint.

29. Deny the allegations contained in the paragraph designated as "29" of the Complaint.

30. Deny the allegations contained in the paragraph designated as "30" of the Complaint.

31. Deny the allegations contained in the paragraph designated as "31" of the Complaint.

32. Deny the allegations contained in the paragraph designated as "32" of the Complaint.

### Wherefore

Deny the allegations contained in the paragraph designated as ""WHEREFORE" Clause of the Complaint, and deny that Defendant owes any award any of the relief contained in Plaintiff's prayer for relief, respectfully denying and asking this Court to deny Plaintiff's request for declaratory relief, infringement relief, injunctive relief, compensatory damages, liquidated damages, statutory damages, interest, attorney's fees and grant such other relief as this Honorable Court deems just and proper.

Defendant demands a trial by jury.

### MOTION TO CONTINUE TO PROCEED ANONYMOUSLY

Defendant, in answering service served upon him, does place Plaintiff and this Honorable Court on Notice of its Intention to proceed

Anonymously, see D.E. 12, and reserves its right to seek all reputational damages relating to Plaintiff's complaint and allegations connecting an internet address to the conduct of an individual.

### AFFIRMATIVE DEFENSES

Defendant states the following Affirmative Defenses to Plaintiff's Complaint (hereafter referred to as "Plaintiff's Complaint" or "Plaintiff's claims"):

    1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

    2. Plaintiff's claims, in whole or in part, are barred by the applicable limitations period, contractual limitations period, and/or jurisdictional prerequisites.

    3. Some or all of the claims asserted in Plaintiff's Complaint are barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

    4. Plaintiff and/or some or all of the members of the alleged group of individuals which Plaintiff purports to represent, the existence of which is expressly denied, have failed to comply with

their legal duty to mitigate their claimed damages, their entitlement to which is expressly denied.

5. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions.

6. Plaintiff's claims are subject to legal Abandonment and or factual Abandonment.

7. Plaintiff granted an Actual/Implied License to the persons, inclusive of Defendant, on the internet/World-Wide-Web.

8. Plaintiff, a purveyor of pornographic/obscene material, is pursuing such claims with Unclean Hands.

9. Plaintiff's claims are subject to Copyright Misues.

10. Plaintiff alleges De Minimus Infringement.

11. Defendant invokes the affirmative Defense of De Minimus Infringement.

12. Plaintiff's claims are barred by Innocent Infringement.

13. Plaintiff failed to mitigate its damages.

14. Plaintiff's claims are barred by Accord and Satisfaction.

15. Plaintiff fails to plead an immediate or ongoing harm, thus barring any injunctive relief.

16. Plaintiff's claims are barred, in whole or in part, as being part of an extortionate scheme. See *Malibu Media, LLC v. Doe*, where Judge Wright commented that "[t]he federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial." *Malibu Media, LLC v. John Does 1–10*, No. 2:12- cv-003623-OD-PJW, 2012 WL 5382304, at *4 (C.D. Cal. June 27, 2012); *Malibu Media, LLC v. John Doe*, No. 3:15-cv-04441-WHA, 2016 WL 3383758, at *3 (N.D. Cal. June 20, 2016); see also *Malibu Media LLC v. John Doe*, No. 3:13-cv-00205, 2013 WL 4821911, at *1 (W.D. Wis. Sept. 10, 2013) (sanctioning Malibu Media attorney Schulz for "attaching an apparently unrelated and embarrassing" material to the plaintiff's complaints); *Sunlust Pictures, LLC v. Does 1–75*, No. 1:12-cv-01546, 2012 WL 3717768, at *5 (N.D. Ill. Aug. 27, 2012) ("Judges within this district have recognized that plaintiffs in these types of cases might unfairly threaten to disclose defendants' identities in order to

improperly leverage settlement negotiations."); *Hard Drive Prods. v. Does 1–48*, No. 1:11-cv-09062, 2012 WL 2196038, at *6 (N.D. Ill. June 14, 2012) (warning plaintiff to consider Rule 11 before naming defendant who disputed that he had illegally downloaded pornographic movie).

17.     Plaintiff's claims are barred from enforcement due to such subject matter being considered Obsenity and not subject to copyright protection. See *Malibu Media, LLC v. Doe*, No. 15-cv-04369-AKH, 2015 WL 4092417, at *4 (S.D.N.Y. July 6, 2015) (noting that "if the Motion Picture is considered obscene, it may not be eligible for copyright protection" (quoting *Next Phase Distrib., Inc. v. John Does 1–27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012))).

18.     The damages claimed by Plaintiff and/or the members of the alleged group which Plaintiff purports to represent, the existence of which is expressly denied, are barred to the extent they are speculative in nature.

19.     The Complaint fails to state a claim for which liquidated damages may be granted.

20.     Plaintiff's Complaint is barred, in whole or in part, because it requests relief which exceeds that available under

10

applicable law.

21.  Some or all of the claims in Plaintiff's Complaint are barred by the doctrine of election of remedies.

22.  Plaintiff was fully and properly compensated for its content that was distributed on the internet/World-Wide-Web.

23.  Defendant reserves the right to plead, assert and rely on all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff(s) or persons the Plaintiff purports to represent or otherwise through discovery.

**Defendant reserves the right to plead additional Affirmative Defenses as they become known or available during the pendency of this litigation**

DATED AT  Suffolk, New York
November 4, 2019

/s/

VINCENT GRANDE III
*Attorney for Defendants*
Office & P.O. Address
207 Mariners Way
Copaigue NY 11726
Phone: ~~(631) 830-0878~~  516-526-3278
Email: vince3rd@aol.com

11

To:  Kevin T. Conway, Esq.
     664 Chestnut Ridge Road
     Spring Valley, New York 10977-6201
     T: 845-352-0206
     F: 845-352-0481
     E-Mail: ktcmalibu@gmail.com