**KEVIN T. CONWAY, ESQ.**
**ATTORNEY AT LAW**
**LICENSED IN**
**N.Y., N.J., C.T.**

| | |
|---|---|
| *80 Red Schoolhouse Road, Suite 110* | *c/o DeCotiis, Fitzpatrick, Cole & Giblin, LLC* |
| *Spring Valley, NY 10977* | *500 Frank W. Burr Blvd., Ste. 31* |
| *Tel: (845) 352-0206* | *Teaneck, NJ 07666* |
| *Fax: (845) 352-0481* | *Tel: (201) 928-1100* |

December 11, 2019

**By CM/ECF**

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *2:18-cv-05152-ENV-ST Plaintiff's Letter Motion to Strike Defendant's Affirmative Defenses*

Dear Judge Vitaliano:

      This firm represents Plaintiff, Malibu Media, LLC. The undersigned on behalf of Plaintiff, pursuant to His Honor's Individual Motion Practice Rule III.A., hereby requests a Pre Motion Conference to address Plaintiff's filing of a Motion to Strike Defendant's Affirmative Defenses [CM/ECF 23].

**Background**

      Plaintiff filed a complaint alleging copyright infringement against a John Doe Defendant initially known to Plaintiff only by an IP address. Defendant's true identity was known by his Internet Service Provider ("ISP"). On November 9, 2018, Plaintiff was granted leave to serve a third-party subpoena on Defendant's ISP, to obtain the Defendant's identifying information [CM/ECF 8]. Plaintiff issued the subpoena promptly thereafter. The ISP responded to Plaintiff's subpoena providing Plaintiff with Defendant's identifying information. On July 2, 2019, Plaintiff filed its Amended Complaint [CM/ECF 14], which was served on Defendant with a copy of the Summons on August 15, 2019 [CM/ECF 18]. Defendant's counsel filed an Answer containing twenty-three affirmative defenses on November 5, 2019 [CM/ECF 23].

### **Motion to Strike Affirmative Defenses**

FRCP 12(f) allows a Court to "strike from a pleading any insufficient defense or any redundant, immaterial, or scandalous matter" on its own or by way of a motion made by either party.

Here, Plaintiff intends to file a Motion to Strike Defendant's Affirmative Defenses as Defendant's twenty-three Affirmative Defenses are insufficient and/or improper. The defenses should be stricken pursuant to Fed. R. Civ. P. 12(f) because the defenses are barebone and do not provide adequate notice to Plaintiff, and no additional law or fact exists in support of these defenses. Indeed, the lack of facts and legal theories does not provide Plaintiff with even the most basic notice. Defendant's defenses also fail as a matter of law. To prevail on a motion to strike an affirmative defense, the plaintiff must show that "'(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense.'" *Bernstein v. Mount Ararat Cemetery Inc.,* No. 11–CV–0068, 2012 WL 3887228, at *9 (E.D.N.Y. Sept. 7, 2012) (quoting *Houston v. Manheim–New York,* No. 09–CV–4544, 2010 WL 744119, at *3 (S.D.N.Y. Mar. 3, 2010)).

In the instant matter, Defendant's affirmative defenses are barebones, lack merit, and no question of fact or substantive law will provide for their success. To the contrary, precedent from this and sister jurisdictions has previously foreclosed many of these legal avenues. Increased time and expense of litigation may constitute sufficient prejudice to strike an affirmative defense. *Coach, Inc. v. Kmart Corp.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010); *FDIC v. Eckert Seamans Cherin & Mellott,* 754 F.Supp. 22, 23 (E.D.N.Y.1990) ("Where the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim."). Plaintiff is happy to provide legal and factual reasoning for the striking of each individual defense; however, with twenty-three separate defenses, ample space is not available within this Letter Motion.

For the foregoing reasons, Plaintiff respectfully requests that this Court permit Plaintiff to file its Motion to Strike Defendant's Affirmative Defenses.

Date: December 11, 2019

Respectfully submitted,

By: /s/ *Kevin T. Conway*
Kevin T. Conway, Esq. (KC-3347)
80 Red Schoolhouse Road, Suite 110
Spring Valley, New York 10977
T: 845-352-0206
F: 845-352-0481
E-mail: ktcmalibu@gmail.com
*Attorney for Plaintiff*